# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>vs.<br><br>KEITH ROBERT CARLSON,<br><br>                      Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:05-CR-572-DAK<br><br>Honorable Dale A. Kimball |

      This matter is before the court on Defendant Keith Robert Carlson's Motion for Early Termination of Supervised Release. On August 25, 2006, Mr. Carlson pleaded guilty to one count of conspiracy to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. On November 6, 2006, the court sentenced Mr. Carlson to 120 months of incarceration followed by a term of supervised release of 60 months.

      On March 14, 2017, the court received a request from Mr. Carlson for early termination of his supervised release. At that point, Mr. Carlson had completed approximately 31 months of his 60-month term of supervised release. In his request, Mr. Carlson informed the court that Federal Probation is in favor of early termination of Mr. Carlson's supervised release and that the United States is not planning to oppose the motion.

      Under 18 U.S.C. § 3583(e), a court may terminate a defendant's term of supervised release early if a defendant has completed at least one year of supervised release and if the court is satisfied such action is (1) "warranted by the conduct of the defendant" and (2) in "the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the Court must consider some of

the factors set forth in 18 U.S.C. § 3553(a), to the extent applicable. 18 U.S.C. § 3583(e). The factors a court must consider include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> . . .
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .
> (4) the kinds of sentence and the sentencing range established for—
> (A) the applicable category of offense committed by the applicable category of defendant . . . ;
> (5) any pertinent policy statement—
> (A) issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In terms of the nature and circumstances of the offense and the history and characteristics of the defendant, Mr. Carlson admitted that he had in fact conspired with his codefendant to cook methamphetamine in a shed on his father's property. At the time of the commission of the crime, Mr. Carlson had a serious drug addiction. Before that time, Mr. Carlson had not been in any criminal trouble and had held a steady job at Kennecott Copper for 25 years until he failed a drug test. Since his arrest in 2005, Mr. Carlson has tested negative on all required drug tests and has not had any other issues with drugs, including during the approximately year and a half that he was on pretrial release. Since completing his term of incarceration, Mr. Carlson has successfully completed all of the conditions of his supervised release without problems, including treatment and payment of all financial obligations. Mr. Carlson is currently working for a company that sells drug testing equipment, and he has been a valued employee there for almost three years.

Even though Mr. Carlson has demonstrated good conduct since the time of his arrest, the offense committed by Mr. Carlson is serious. However, the court concludes that the sentence imposed on Mr. Carlson was sufficient to adequately deter similar criminal conduct by Mr. Carlson or others. Mr. Carlson has already served his entire term of incarceration and over 30 months of his 60 months of supervised release. The court concludes that, at this point in his sentence, early termination of his supervised release will not significantly reduce the deterrent effect that his sentence produced. The court further concludes that both Mr. Carlson's conduct and his Post-Conviction Risk Assessment demonstrate that Mr. Carlson is unlikely to engage in further crimes. Finally, the court concludes that has been provided with, and has taken advantage of, sufficient correctional treatment, including substance abuse treatment while incarcerated and while in the halfway house.

Regarding the other factors that the court is asked to consider, Mr. Carlson's sentence of 120 months of incarceration, which Mr. Carlson completed, was the mandatory prison sentence under the statute of conviction. The court is not aware of any unwarranted disparity between Mr. Carlson and his codefendant that would arise if Mr. Carlson's term of supervised release were terminated early, and the full amount of restitution ordered by the court has been paid.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release is GRANTED.

DATED this 17th day of March, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

3